IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-CR-56-KAC-JEM |
| ) | |
| DALLAS K. LAVENDER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Dallas Lavender's Unopposed Motion to Continue All Deadlines and Trial [Doc. 17], filed on October 4, 2023.

In his motion, Defendant Lavender asks the Court to continue for thirty (30) days all the deadlines and the trial date, which is set for November 7, 2023. Defendant states that the Government is drafting a plea agreement and expects to provide a plea agreement to Defendant so that he may review it with defense counsel the week of October 16, 2023. The plea deadline is currently set for October 6, 2023, and therefore the parties will need additional time for the Government to prepare the plea agreement and for defense counsel to review the offer once received. Defense counsel has spoken with Defendant about his speedy trial rights, and Defendant understands that the period of time between the filing of the motion and a rescheduled trial date would be fully excludable for speedy trial purposes. Defendant also states that the Government does not oppose a continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to engage in plea negotiations with the Government and prepare for trial in the event plea negotiations are not fruitful. The Court finds that all of this cannot occur before the November 7, 2023 trial date.

The Court therefore **GRANTS** Defendant Dallas Lavender's Motion to Continue All Deadlines and Trial [**Doc. 17**]. The trial of this case is reset to **December 12, 2023**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 4, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Lavender's Unopposed Motion to Continue All Deadlines and Trial **[Doc. 17] is GRANTED;**

(2) the trial of this matter is reset to commence on **December 12, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 4, 2023**, and the new trial date of **December 12, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 13, 2023**;

(5) the deadline for filing motions *in limine* is **November 27, 2023**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 28, 2023, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 4, 2023.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge